**In re George BELANGER and Judy Belanger, Debtors.**

**BANK OF LAKEHURST, Plaintiff,**

v.

**George BELANGER and Judy Belanger, Defendants.**

**Bankruptcy No. 82 C 1052.**

United States District Court,
N.D. Illinois, E.D.

June 16, 1982.

Chad H. Gettleman, Lincolnshire, Ill., for plaintiff.

Kenneth S. Borcia, Vernon Hills, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

This is an appeal from an order of the Bankruptcy Court entered on December 13, 1981, denying the Bank of Lakehurst's application for attorneys' fees. This cause is before the court on the appellee's motion to dismiss the appeal. The court has reviewed the parties' submissions and concludes that the appeal is not moot and the motion must be denied. Further, the court has also considered the substantive issue raised by the appellant. Having read the Memorandum

Opinion issued by the Bankruptcy Judge on December 13, 1981 and having reviewed the relevant law, the court concludes that the denial of fees was in error, and accordingly, reverses the order below and remands the case to the Bankruptcy Court for further proceedings.

In June, 1978, the debtors, George and Judy Belanger, executed a trust deed covering their residence as security for a loan given to them by the appellant. When the debtors defaulted on their obligation and filed a Chapter 13 bankruptcy proceeding, the appellant filed a claim in the amount of $9,976.69. The only other claim on the property is a mortgage, the balance of which is $29,257.50. The property has been appraised as having a value of $65,000. Thus, the bank's claim is fully secured, as the value of the property exceeds the claims against it. On October 13, 1981, a Chapter 13 plan was confirmed which allowed appellant's claim. Pursuant to Section 506(b) of the Bankruptcy Code, 11 U.S.C. § 506(b), appellant filed an application for attorneys' fees. It is the denial of this application which is the basis for this appeal.

■ Subsequent to the filing of this appeal, the debtors converted their bankruptcy proceeding from one under Chapter 13 to one under Chapter 7. They claim that this change moots the appeal. They have filed no brief in support of this position, and the court can find no support in the law or facts of this case. The change in the type of bankruptcy proceeding will not affect the amount of appellant's claim nor the value of the property. The claim remains secured, as before. Thus, the court finds that the conversion of the proceeding to one under Chapter 7 does not moot this appeal.

■ As to the merits of the appeal, 11 U.S.C. § 506(b) provides that:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

The several agreements between the bank and debtors, the installment note, the security agreement and the trust deed establish the bank's right to recover attorneys' fees incurred in collecting under the agreements. Where the underlying agreement provides for the payment of attorneys' fees, they are recoverable under Section 506(b) regardless of whether they were incurred subsequent to the filing of the bankruptcy proceeding. *In Re Ferro Contracting Co.,* 380 F.2d 116, 120 (3rd Cir.1967). The Bankruptcy Court did not discuss Section 506(b) in its opinion. Its holding seems to be based on its conclusion that the fees incurred by the appellant were unnecessary. Regardless, this court concludes that under Section 506(b) the appellant is entitled to recovery of its reasonably incurred attorneys' fees. Accordingly, the judgment of the Bankruptcy Court is reversed and this case is remanded for a determination as to the amount of fees.

So ordered.