In re Alice M. BAILEY, Debtor.

The FIRST PENNSYLVANIA BANK, N.A., Plaintiff,

v.

Alice M. BAILEY, Defendant.

Bankruptcy No. 82–01877K.
Adv. No. 82–1773K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 23, 1982.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

E. Chandler Hosmer, III, Joseph S. Ziccardi, Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint for relief from the automatic stay filed by First Pennsylvania Bank, N.A. and a counterclaim filed by the debtor.[1] At the trial on the merits, the facts were largely undisputed. The debtor retained over $80,-000 equity in her home, despite the existence of two (2) mortgages. The first mortgage with an outstanding balance of approximately $20,000, was held by either Clarke Mortgage Company or First Pennsylvania Bank. Although First Pennsylvania brought the action, the mortgage attached to the complaint named Clarke as the mortgagee. Plaintiff's counsel never clarified this matter in any fashion. The facts also showed that the debtor was only nineteen (19) days in default on a single payment when the plaintiff filed the in-stant complaint under § 362 of the Bankruptcy Code.

After review of this evidence, the Court finds that, under these circumstances, it would be impossible to grant relief from the stay. In the first instance, the equity cushion retained by the debtor is for (4) time the amount due the mortgagee whether it be Clarke or First Pennsylvania. Secondly, the default of a single monthly mortgage payment cannot be found to constitute cause for granting relief from the stay. It would be unconscionable for this Court to grant relief on this basis. In light of the vast amount of equity and the minimal arrearage accrued since the filing of the petition, the complaint for relief from the stay will be denied.

Even if the Court found a more serious basis for the complaint, relief would have to be denied. First Pennsylvania Bank was never proven to be the proper plaintiff. The mortgage instrument lists the Clarke Mortgage Company as the mortgagee. No evidence of an assignment was ever introduced. The failure to prove any relationship existed between the plaintiff and the debtor will cause the Court to dismiss the complaint.

The counterclaim by the debtor addressed several additional issues. The debtor requested that the plaintiff bear their own fees and costs in bringing this action. The Court is in agreement with this request. It would be a travesty if the plaintiff and his counsel or any other entity would charge the fees and costs stemming from this action as part of the debtor's mortgage obligation. The Court will enter an Order directing the mortgagee, whichever company it may be, not to add any fees, costs, or other charges to the debtor's mortgage account in connection with the instant adversary proceeding.

The debtor's attorney also requested an allowance of $750.00 in counsel fees as part of the counterclaim. The Court is uncer-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

tain as to the legal basis for this prayer. The Court, therefore, will request counsel for the parties to address this issue in brief memoranda of law. Counsel for the debtor will also be requested to supply the Court with an itemized statement of the legal services rendered in this action.

An appropriate Order will be entered.