**In re Richard Russell ANDERSON, Debtor.**

**Richard Russell ANDERSON, Plaintiff,**

v.

**FIRST NATIONAL BANK OF COBB COUNTY; Trust Company Bank of Cobb County; United Family Life Insurance Company; and Lindsey Hopkins, III, Defendants.**

Bankruptcy No. 82–03077A.
Adv. No. 82–2171A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 9, 1983.

Barry Staples, Marietta, Ga., for plaintiff.

Jesse H. Austin III, Atlanta, Ga., for First Nat. Bank of Cobb County.

J. Al Cochran, Smyrna, Ga., for Trust Co. Bank of Cobb County.

Jeanette Rouch, Atlanta, Ga., for United Family Life Ins. Co.

Richard Gerakitis, Atlanta, Ga., for Lindsey Hopkins, III.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the October 21, 1982 motion of the Trust Company Bank of Cobb County ("TCB/Cobb") for payment of sales proceeds and rents as a first priority expense and on the motions of the United Family Life Insurance Company ("UFL") and Lindsey Hopkins, III, for payment of attorneys' fees pursuant to 11 U.S.C. § 506(b). These motions arise out of

the debtor's Complaint to Sell Property Free and Clear of certain liens and interests of other entities and the September 21, 1982 Order authorizing the sale. The September 21, 1981 Order authorized the sale free and clear of liens of certain property, with the first and second security deeds to UFL and Lindsey Hopkins, III, respectively, to be assumed by the purchaser with cash payments to be made to the First National Bank of Cobb County ("FNB/Cobb") and with the balance of the proceeds from the sale to be paid into the Registry of the Court. These proceeds amounted to $15,-642.74. The Court also has in its Registry $11,231.37, which is composed of rental payments. UFL has an assignment of the rental proceeds. TCB/Cobb seeks the payment of these amounts in full with no provision for attorneys' fees to Lindsey Hopkins, III or UFL.

The Court notes at this time that Lindsey Hopkins, III, UFL, and FNB/Cobb have received the principal amount of their debts or have had their obligations assumed by the purchaser of the subject property, Vorelco, Inc. TCB/Cobb has received nothing toward the principal amount of its indebtedness of $38,947.17. Both UFL and Lindsey Hopkins, III have clauses which provide for attorneys' fees and the payment of other reasonable expenses, which constitute costs of collection in the event of defaults in these obligations. Neither UFL nor Lindsey Hopkins, III actually commenced a foreclosure proceeding against the subject property.

There are four holders of claims which are secured by the subject property. Three of these claimants, UFL, Lindsey Hopkins, III, and FNB/Cobb are fully secured. The fourth secured creditor, TCB/Cobb, will not receive the full amount of its debt from the proceeds of the sale of the subject property. The question in the instant case, therefore, becomes whether priority lien holders may obtain attorneys' fees under 11 U.S.C. § 506(b) where the first priority lien holders are fully secured and junior lien holders have a deficiency. In other words, may an award of attorneys' fees be made to a secured creditor to the detriment of junior lien holders? For the reasons that follow, this question is answered in the affirmative.

11 U.S.C. § 506(b) states that:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose."

The legislative history to § 506(b) states that:

"Subsection (b) codifies current law by entitling a creditor with an oversecured claim to any reasonable fees, costs, or charges provided under the agreement under which the claim arose. These fees, costs, and charges are secured claims to the extent that the value of the collateral exceeds the amount of the underlying claim."

The Congressional intent to "codif(y) current law" provides the basis for the proper construction of § 506(b).

The case law before the adoption of the Bankruptcy Reform Act of 1978 concerning the award of interest and other charges to a secured creditor, in the event that said creditor is oversecured, generally allowed the award of interest and other charges. *Vanston Committee v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946); *Oppenheimer v. Oldham,* 178 F.2d 386 (5th Cir.1949). The United States Supreme Court appears to have required that there be no detriment to unsecured creditors where there is an award of interest and costs to secured creditors. *Vanston Committee v. Green, supra.* See also *United States v. Harrington,* 269 F.2d 719 (4th Cir.1959). The Supreme Court stated in *Vanston* the following:

"But where an estate was ample to pay all creditors and to pay interest even after the petition was filed, equitable considerations were invoked to permit payment of this additional interest to the secured creditor rather than to the debtor." *Id.* 329 U.S. at 164, 67 S.Ct. at 240.

Upon closer scrutiny, this statement is little more than background concerning the allowance of interest to a secured creditor in the instance in which said creditor is oversecured.

The Fifth Circuit Court of Appeals applied the holding in *Vanston Committee v. Green, supra,* in the case of *Oppenheimer v. Oldham,* 178 F.2d 386 (1949). In *Oppenheimer,* the Court allowed the award of interest to a secured creditor on its oversecured claim. This Court notes that there was no specific determination in *Oppenheimer* that unsecured creditors were also paid in full.

■ The clearest statement concerning whether interest and charges may be awarded to an oversecured creditor on the principal amount of its claim is contained in the 14th edition of *Collier on Bankruptcy.* The authors state therein that:

> "Consequently, payment of interest accruing after the date of petition is permitted where the collateral is sufficient, for 'the collateral is security for the payment of interest as much as the payment of the principal.'" [cites omitted]. 3A *Collier on Bankruptcy* ¶ 63.16, p. 1862 (14th ed.).

This statement recognizes that interest and other charges allowed by a security agreement and note are also secured by the related collateral, and that where there is an oversecured debt, the award of interest and other costs is appropriate.

■ Practically speaking, an asset which is the subject of a security interest is not an asset available to unsecured creditors except to the extent of any equity which exists in that property. In the absence of a bankruptcy proceeding, a creditor would be able to obtain interest and charges provided for by contract in the event that the creditor must collect its debt due to a debtor's default. The treatment under nonbankruptcy law of these contractual collection costs as being secured necessarily inures to the detriment of both a debtor's unsecured creditors, as well as to its junior lien holders, in the property in which said creditor has a security interest.

In recognition of this fact, it is proper to determine whether a creditor is oversecured not on the basis of whether all lien holders in a particular piece of property are oversecured, but rather instead, as to each secured creditor in order of priority. Therefore, the Court finds that 11 U.S.C. § 506(b) authorizes the award of post-petition interest and costs of collection, including reasonable attorneys' fees, to priority secured creditors to the detriment of junior creditors secured by the same property.

■ The next question before the Court is whether UFL and Lindsey Hopkins, III are entitled to attorneys' fees where no letter was sent pursuant to the provisions of Ga.Code § 20–506, which section requires a ten-day notice for the collection of attorneys' fees under a contract in the event of a default. A creditor cannot be expected to do more than the law enables it to do. In the event that the automatic stay prevents a creditor from sending a demand letter to a debtor, attorney's fees are not perfected, and therefore do not become part of a creditor's secured claim. See *In re East Side Investors,* 694 F.2d 242 (11th Cir.1982); *In re Scarboro,* 13 B.R. 439, 4 CBC 2d 1222 (Dist.Ct.M.D.Ga.1981). In the instant case, the question is not whether attorneys' fees were perfected, but whether reasonable attorneys' fees are to be awarded under § 506(b) of the Bankruptcy Code.

■ In *Oppenheimer v. Oldham,* 178 F.2d 386 (5th Cir.1949), the secured creditor did not seek leave from the Bankruptcy Court to foreclose on certain property which was sold free and clear of liens by the trustee. As the Court stated,

> "He was not really a movant, nor yet an intruder or volunteer. He came into Court and sought protection to hold, rather than purposely to foreclose, his lien .... The appellant's note contained a 10% attorney's fee clause, and, free to act, he likely could have foreclosed his security for a full recovery without any cost falling on the principal or interest of his debt." *Id.* at 389.

In the instant case, UFL and Lindsey Hopkins, III were not moving parties, and in fact did not object to the debtor's sale of the subject property free and clear of liens. These creditors occupy the same position Oppenheimer did in *Oppenheimer v. Oldham, supra,* and for the reasons contained therein, the Court finds that § 506(b) of the Bankruptcy Code does not require an active attempt by a secured creditor to foreclose its lien, but only that the expenses incurred by said secured creditor are reasonable and that the secured creditor be oversecured.

The debtor and TCB/Cobb have also objected to the award of attorneys' fees under § 506(b) of the Bankruptcy Code to UFL and Lindsey Hopkins, III on the ground that the September 21, 1982 Order authorizing the sale of the subject property free and clear of liens specifically stated that the liens of Lindsey Hopkins, III and UFL shall continue to be secured by the property, while other liens shall be secured by the proceeds of the sale. This fact does not alter the relative rights of Lindsey Hopkins, III, UFL, FNB/Cobb, and TCB/Cobb for purposes of the questions before the Court. As explained above, where a secured creditor is oversecured, it is entitled to the award of post-petition interest and the reasonable costs of collection of its debt, which includes the cost of protecting its interest, as in the instant case.

Therefore, for the above-stated reasons, United Family Life Insurance Company is awarded $1,080.00 as attorney's fees and Lindsey Hopkins, III is awarded $1,500.00 as attorney's fees out of the $26,874.11 presently in the Registry of the Court. The Trust Company Bank of Cobb County is awarded $24,294.01, which constitutes the balance of the proceeds of the sale.

IT IS SO ORDERED.