**In the Matter of Frances CALZARETTA, Debtor,**

**Bankruptcy No. 81 B 10036.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 5, 1983.

F. Kevin Murnighan, Carey, Filter, White & Boland, Chicago, Ill., for Western Nat. Bank of Cicero.

John Naughton, Berwyn, Ill., for Commercial Nat. of Berwyn.

Melvin Kaplan, Chicago, Ill., for debtor.

MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

I.

The question presented in each of the present cases is whether a secured creditor

can recover court costs and attorney fees from a Chapter 13 debtor pursuant to 11 U.S.C. § 506(b) (Supp. V 1981). In that the same issue is presented in each case, this court shall consolidate them to further judicial economy. Where there are relevant factual distinctions, this court shall address each case separately. Prior to reaching a determination on the issue that is presented, a brief recitation of the facts is appropriate.

## II.

## FACTS

The present case involves two fee petitions that were brought by two secured creditors of Frances Calzaretta (hereinafter referred to as the debtor). Each creditor herein held a security interest in a building located on 6547 West Cermak in Berwyn, Illinois. The building housed apartment units in addition to several small business concerns.

Commercial National Bank of Berwyn (hereinafter referred to as "CNB") held a first mortgage on the building. Western National Bank of Cicero (hereinafter referred to as "Western") held second, third and fourth mortgages on the building. The respective mortgage agreements contained the standard clauses allowing for the recovery of reasonable costs and attorney fees for any collection efforts.

The debtor began to experience financial difficulties and started to fall behind on her mortgage payments due to the aforementioned creditors. Eventually, on June 4, 1981, CNB initiated foreclosure proceedings in the Circuit Court of Cook County (81 CH 4306). This turn of events caused the debtor to file on September 30, 1981, a voluntary petition under Chapter 13 of the Bankruptcy Code.

The debtor's plan was confirmed on December 11, 1981. One of the facets of the plan provided that the building was to be sold within six months from the date of confirmation. The proceeds from this prospective sale were to be distributed so as to satisfy all of the outstanding mortgage holders.

Nine months had passed from the date of confirmation without the building being sold. Western then filed a complaint to lift the automatic stay. After extensive litigation, the building was finally sold in 1983. All outstanding claims on the building were satisfied from the proceeds of the sale.

The debtor additionally agreed to pay all reasonable expenses and attorney fees that were incurred by the secured creditors herein. This agreement was memorialized by a court order dated June 24, 1983. Under the terms of the agreement, the secured creditors were to receive a pro-rata share from the proceeds of a second mortgage note in satisfaction of their claims for attorney fees.

Pursuant to the June 24th order, Western brought a petition seeking attorney fees in the amount of $6,050.00. Additionally, Western seeks costs of $589.69. CNB brought a petition seeking $4,075.00 in attorney fees and costs in the amount of $223.90.

The debtor has objected to each fee petition on several grounds. First, the debtor contends that counsel for each bank should have sought court approval prior to taking any action. Since each attorney acted on his own volition, it is argued that the fee petitions should be denied. Second, the debtor contends that the banks should bear the costs and expenses of their attorneys. Finally, the debtor contends that all fees and expenses incurred by the banks subsequent to the date of confirmation should more properly be borne by the banks. Consequently, this court must determine within the framework of Section 506(b) whether the debtor herein should bear the costs and expenses incurred by the respective banks.

## III.

## DISCUSSION

The principal provision involved in this controversy is Section 506(b). Section 506(b) provides in relevant part that:

(b) To the extent that an allowed secured claim is secured by property the value of which after any recovery under subsection (c) of this section is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees, costs or charges provided under the agreement under which such claim arose.

11 U.S.C. § 506(b) (Supp. V 1981).

■ Generally, when a debtor and creditor have entered into a prepetition security agreement which provides for the recovery of costs and fees of collection, those amounts will be allowed to the extent that the creditor is oversecured. *In re Rutherford*, 28 B.R. 899, 901–02 (Bkrtcy.N.D.Ill. 1983); *Matter of Astro-Netics, Inc.*, 28 B.R. 612, 615 (Bkrtcy.E.D.Mich.1983). Although this court has found cases in which the general rule of Section 506(b) was not applied, there were in those instances, obvious reasons for the courts' decisions. *See e.g., In re Roberts*, 20 B.R. 914 (Bkrtcy.E.D.N.Y. 1982) (in which the court refused to award fees because they were not provided in the contract); *In re Bailey*, 23 B.R. 222 (Bkrtcy. E.D.Pa.1982) (in which the court refused to award fees because the legal basis for the request was not set forth).

■ In the instant case it is clear that there was a fee provision in the respective agreements. Furthermore, it is clear that each creditor herein is oversecured. Consequently, this court is of the opinion that the present case is one to which the general rule should apply. *See In re Belanger*, 31 B.R. 571 (Bkrtcy.N.D.Ill.1982) ("Where the underlying agreement provides for the recovery of attorneys' fees, they are reasonable. under section 506(b) regardless of whether they were incurred subsequent to the filing of the bankruptcy proceeding,"). As mentioned above, the agreements involved in this proceeding provided for payment by the debtor of reasonable costs and fees incurred in collection. Therefore, to the extent that the fees and expenses are deemed to be reasonable, this court holds that Section 506(b) mandates that the debtor should bear the expense.

■ Turning to the fee question, this court notes that fees are not unreasonable merely because they are sought for work done after the filing or confirmation of a Chapter 13 plan. This court has found no authority for the proposition that such fees should not be awarded. Contrarily, there are numerous cases in which a secured creditor was awarded fees in accordance with Section 506(b) for work done after filing or confirmation of such a plan. *See e.g., In re Belanger*, 31 B.R. 571 (Bkrtcy.N.D.Ill.1982); *In re Rutherford*, 28 B.R. 899 (Bkrtcy.N.D. Ill.1983); *In re Anderson*, 28 B.R. 231 (Bkrtcy.N.D.Ga.1983).

■ In the instant case, Western did not file its action until some time after the property was to have been sold. The Chapter 13 plan had provided that the building was to be sold within six months from the date of confirmation. In fact, the building was not sold until 19 months after the plan was confirmed. It is entirely reasonable for a secured creditor in such a situation to act to protect its interests. Thus, this court denies the debtor's request for all expenses incurred subsequent to the confirmation of the plan to be borne by the banks. This court also summarily dismisses debtor's contentions that a creditor must first seek court approval prior to taking any action once a bankruptcy petition has been filed.

■ Consequently, the final matter to be resolved in this case is whether the respective fee petitions filed by counsel are reasonable. Criteria to be evaluated in determining the reasonableness of fees are: 1) time and labor required; 2) novelty and difficulty of questions; 3) skill requisite to perform legal services; 4) preclusion of other employment by acceptance of the case; 5) customary fee; 6) whether the fee sought is fixed or contingent; 7) time limitations; 8) amount involved and results achieved. *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981); *In re Nova Real Estate Investment Trust*, 30 B.R. 347, 348 (Bkrtcy.E.D.Va.1982).

■ In applying the aforementioned criteria to Western's fee petition and after

examining the timesheets, this court finds the expenditure of 60.50 hours to be reasonable. As to the hourly fee requested, namely $100.00 per hour, this court finds that amount to be customary as to the law firm and the local legal community. Thus, this court awards Western attorney fees in the amount of $6,050.00 together with documented costs of $589.69.

In applying the aforesaid criteria to CNB's fee petition, this court finds CNB's time of 40.75 hours at the rate of $100.00 per hour to be reasonable for the same reasons as set forth in the preceding paragraph. Therefore, this court awards CNB $4,075.00 in attorney fees together with documented costs of $223.90.

The secured creditors herein are to submit draft orders consistent with their respective portions of this opinion within five days.