**In re Lilly C. ANDERSON, aka L.C. Gross, Debtor.**

**Bankruptcy No. 83–00089.**

United States Bankruptcy Court, D. Hawaii.

July 22, 1985.

Gregory Conlan, Honolulu, Hawaii, for Bank of Honolulu.

Terry Day, Honolulu, Hawaii, for trustee.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: BANK OF HONOLULU'S REQUEST FOR INTEREST ON ATTORNEYS' FEES

JON J. CHINEN, Bankruptcy Judge.

On October 17, 1984, Bank of Honolulu (Bank), a secured creditor herein, filed a

motion for an award of expenses, including a request for attorneys' fees and for interest on those fees. Objections to the Bank's request were filed by the Trustee and by another creditor, Caroline Winchester and hearings on the request were held on October 25, 1984 and on February 4, 1985. In addition to the memoranda filed in support of and in opposition to the request and the argument presented at the hearing, supplemental memoranda and proposed findings of fact and conclusions of law were submitted by the parties. On April 16, 1985, 49 B.R. 725, this court entered its Findings of Fact and Conclusions of Law Re: Bank of Honolulu's Attorney's Fees and Expenses, resolving all issues except whether the Bank is entitled to interest on the attorneys' fees. Having reviewed the record on this matter, the court now enters the following findings of fact and conclusions of law regarding the Bank's entitlement to interest on the attorneys' fees.

## FINDINGS OF FACT

1. On March 4, 1978, Bank, as vendor, and Debtor, as vendee, entered into an agreement of sale with respect to certain leasehold property situate at 565 Portlock Road, Honolulu, Hawaii (Agreement).

2. Debtor defaulted under the terms of the Agreement, and on December 12, 1980, the Bank filed a complaint in state court to cancel the Agreement or to foreclose. From that date until August 24, 1984, when the Bank received payment from the Trustee for its principal, interest, and partial expenses and fees, the Bank and the Debtor engaged in protracted litigation in the state court and in bankruptcy court over enforcement of the Agreement.

3. Paragraph 16 of the Agreement provides as follows:

16. EXPENSES. In connection with this agreement and its enforcement:

a. Purchaser shall pay ...(iii) all expenses, including counsel's fees, which Vendor reasonably may incur in enforcing his rights hereunder;

4. Paragraph 12 of the Agreement provides:

12. ADVANCES BY VENDOR. If Purchaser fails to effect and keep in force the insurance mentioned in paragraph 11, to pay any of the taxes, excises, assessments, rates and charges mentioned in paragraph 10, or to discharge any lien described in paragraph 8, or, by any other act or neglect, causes Vendor's title or interest in the property to be placed in jeopardy, Vendor may effect, pay or discharge the same. Purchaser shall repay to Vendor the full cost and expense, including counsel's fees, incurred by Vendor in curing such default on Purchaser's part, together with interest thereon at the rate of ten percent (10%) per annum.

5. In the Findings of Fact and Conclusions of Law Re: Bank of Honolulu's Attorney's Fees and Expenses filed on April 16, 1985, this Court found the Bank entitled to receive from the Trustee $1,437.57 for electrical bills and $4,825.90 for repair of the bridge across the harbor.

6. 11 U.S.C. § 506(b) provides that:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

## CONCLUSIONS OF LAW

By affirming the Agreement, Debtor was bound by the express terms and conditions contained in the Agreement.

■ Under the Bankruptcy Reform Act of 1978, the holder of a secured claim may collect reasonable attorneys' fees pursuant to 11 U.S.C. § 506(b) if the security agreement in question expressly so provides. *In re Elmwood Farm, Inc.*, 19 B.R. 338, 341 (Bankr.S.D.N.Y.1982); *In re Hart Ski Mfg. Pro., Inc.*, 9 B.R. 397 (Bankr.Minn.1981). This award of postpetition interest and costs of collection, including reasonable at-

torneys' fees, to priority secured creditors is authorized pursuant to § 506(b) even "to the detriment of junior creditors secured by the same property". *In re Anderson*, 28 B.R. 231, 233 (Bankr.N.D.Ga., 1983).

■ Thus the question presented herein is whether the Agreement here in question provide for fees, and interest on those fees, and are the fees reasonable? *In re Hart Ski Mfg. Co., Inc., supra*, at 399.

There is no question that under Paragraph 16 of the Agreement, Debtor is to pay the attorneys' fees incurred by the Bank in "enforcing (its) rights hereunder." There is also no question that under Paragraph 12 of the Agreement, Debtor is to pay the attorneys' fees, and interest thereon, incurred by the Bank in making advances required by Debtor's default under Paragraphs 8, 10, and 11.

The question then is whether other language in Paragraph 12, i.e. "by any other act or neglect, causes Vendor's title or interest in the property to be placed in jeopardy", can be read to incorporate the Paragraph 16 "expenses" incurred "in enforcing (Bank's) rights" into Paragraph 12, thereby compelling Debtor to pay interest on these fees. This Court thinks not.

The parties, of course, disagree on whether the Agreement can be so interpreted and on whether it was the intent of the parties to apply the interest provision of Paragraph 12 so broadly as to include the expenses within Paragraph 16. The fact that the agreement was drafted by the Bank, however, is dispositive of the controversy.

In the first place, if the Bank intended, and Debtor agreed, that interest would be assessed on expenses paid for pursuant to Paragraph 16, it could have explicitly so provided in Paragraph 16. The contract however does not provide for interest on fees incurred pursuant to Paragraph 16. The "expenses" incurred in "enforcing (Bank's) rights" under Paragraph 16 differ from the "advances by vendor" necessitated to protect Bank's "title or interest" under Paragraph 12. The Agreement does not

appear to be so ambiguous as to allow the interpretation supported by the Bank.

Secondly, it is a basic tenet of contract law that, if a contract is indeed ambiguous, it is to be interpreted against the drafting party. Thus, if the contract were so ambiguous to support either interpretation, Debtor's interpretation must prevail.

The Bank has further argued that under *American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984), the Bank must receive the full benefit of its bargain, including an award of delay damages. The Bank asserts that receiving interest for the lost use of fees already advanced to its counsel is justified as delay damages. The creditor in *American Mariner*, an undersecured creditor which had been delayed from repossessing the collateral, was awarded the benefit of its bargain in the form of monthly interest at the market rate on the liquidation value of the collateral. The Bank herein has received the benefit of its bargain in the form of principal and interest. *American Mariner* does not support the award of interest on the attorneys' fees advanced by the Bank herein.

Based on the foregoing, this Court finds that the Agreement does not provide for interest to the Bank on attorneys' fees expended pursuant to Paragraph 16 of the Agreement. An order to this effect will be issued in conjunction with this Court's ruling on the total amount of fees to be awarded to Bank's attorneys upon final review of the additional information requested of the attorneys.