### In re Lilly ANDERSON, aka L.C. Gross, Debtor.

### Bankruptcy No. 83–00089.

United States Bankruptcy Court, D. Hawaii.

Dec. 13, 1985.

---

Gregory P. Conlan, Honolulu, Hawaii, for plaintiff.

Terry L. Day, Honolulu, Hawaii, for defendant.

## MEMORANDUM DECISION AND ORDER RE: MOTION TO ALTER OR AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: BANK OF HONOLULU'S REQUEST FOR INTEREST ON ATTORNEY'S FEES

JON J. CHINEN, Bankruptcy Judge.

On August 1, 1985, Bank of Honolulu filed a Motion to Alter or Amend Findings of Fact and Conclusions of Law re: Bank of Honolulu's Request for Interest on Attorney's Fees. A memorandum in opposition was filed by the Trustee on August 12, 1985. The court, being advised in the premises, and having reviewed the files and memoranda, now renders this memorandum decision and order.

The Court concludes that the Bank of Honolulu is entitled, by the terms of the Agreement of Sale with the Debtor, to interest at the rate of 10% per annum on advances made by the Bank on the Debtor's behalf. Bank of Honolulu previously included only a lump sum request for interest. The Court was under the erroneous impression that this requested interest amount was solely for interest on attorney's fees. Bank of Honolulu has indicated, however, that $2,056.36 represents interest on advances made by Bank of Honolulu on Debtor's behalf. Accordingly, it is clear that Bank of Honolulu is entitled to $2,056.36 in interest on the advances made.

Bank of Honolulu also requests that this Court to reconsider its ruling that it is not entitled to interest on attorneys' fees. Section 506(b) of the Bankruptcy Code is dispositive. It provides that such interest is allowable only if the agreement provides for such interest. Because the agreement does not so explicitly provide, as previously explained in the order of this Court, 51 B.R. 397, dated July 22, 1985, this Court is without authority to grant such interest.

IT IS HEREBY ORDERED that the order of July 22, 1985, is hereby amended to read:

Based on the foregoing, this Court finds that the Agreement does not provide for interest to the Bank on attorney's fees expended pursuant to Paragraph 16 of the Agreement.

The Trustee is directed to pay to Bank of Honolulu the sum of $2,056.36 in interest on advances made by the Bank on Debtor's behalf.

IT IS SO ORDERED.