**In re Annie Pearl JOSEPHS, Debtor.**

**No. 88 B 2095.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 19, 1989.

Richard L. Hirsch, Bashaw & Associates, P.C., Hinsdale, Ill., for FNMA.

Rodney Hughes Brooks, Chicago, Ill., for debtor.

Jack McCullough, Chicago, Ill., Trustee.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This Chapter 13 case presents a narrow issue: whether an oversecured creditor's attorneys' fees and costs, incurred in pursuing an appeal of a novel legal issue, should be allowed as part of its secured claim under section 506(b) of the Bankruptcy Code (Title 11, U.S.C., the "Code"). For the reasons stated below, this court holds that such fees and costs should not be allowed.

### FINDINGS OF FACT

The relevant facts are not disputed. The debtor, Annie Pearl Josephs, executed a note in the amount of $14,800, of which $12,363.61 was due at the time this case was filed. The note was secured by a mortgage on the debtor's home, which was worth about $50,000. The debtor defaulted on the note, and the mortgagee, Federal National Mortgage Association ("FNMA"), began foreclosure proceedings under a new Illinois mortgage foreclosure law. Prior to the foreclosure sale, but after the period of redemption expired under the new law, the debtor filed for relief under Chapter 13.

Despite a substantial equity cushion,[1] FNMA decided to file a motion to modify the automatic stay. FNMA argued that it had an immediate right to possession under *In re Tynan*, 773 F.2d 177 (7th Cir.1985), because the period of redemption had passed pursuant to the new foreclosure law. FNMA's argument raised an issue of first impression concerning the application of the automatic stay which was briefed by both parties.

After considering the parties' briefs on the issue, the court denied FNMA's motion to modify the stay (*In re Josephs*, 85 B.R. 500, 507 (Bankr.N.D.Ill.1988)), and FNMA appealed this decision to the District Court. The District Court affirmed (*In re Josephs*,

---

1. At the time FNMA filed its motion, there was an equity cushion of over 400 percent. Since that time, FNMA secured claim has nearly doubled pursuant to section 506(b). Nonetheless, FNMA's interest remains adequately protected by an equity cushion of over 200 percent. *See In re Mellor*, 734 F.2d 1396, 1401 (9th Cir.1984) (holding that an equity cushion of 20 percent provides adequate protection).

93 B.R. 151, 155 (N.D.Ill.1988)) and FNMA decided not to pursue further appeal.

FNMA has now requested $3,780 for fees and costs incurred in its unsuccessful appeal, pursuant to section 506(b) of the Code. The debtor has objected to these fees.

## CONCLUSIONS OF LAW

### A. Jurisdiction.

■ Because FNMA's claim for fees and expenses arises in a case under chapter 11 of the Code, this court has jurisdiction to determine the claim pursuant to 28 U.S.C. § 1334(b) and General Local Rule 2.33 of the Northern District of Illinois, Furthermore, as a matter concerning the allowance of a claim, this contested matter is a "core matter" which a bankruptcy judge may determine on a final basis pursuant to 28 U.S.C. § 157(b)(2)(B) and General Local Rule 2.33.

### B. Section 506(b).

Section 506(b) of the Bankruptcy Code provides, in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Under this provision, a creditor must satisfy four requirements if its fees and costs are to be allowed as part of its claim: (1) the creditor must have an allowed secured claim; (2) the creditor's security agreement must provide for the requested fees; (3) the creditor must be oversecured; and (4) the fees requested must be "reasonable." *See In re Salazar*, 82 B.R. 538, 540 (9th Cir.BAP 1987); *In re Reposa*, 94 B.R. 257, 259–60 (Bankr.D.R.I.1988).

The debtor concedes that FNMA satisfies three of these requirements. FNMA filed a secured claim. FNMA's mortgage provides for fees for the purposes of section 506(b).[2] FNMA is undoubtedly oversecured. The remaining issue is whether FNMA's request is for "reasonable" fees and costs, as required by both the mortgage and section 506(b).

### C. Reasonableness Requirement of Section 506(b).

■ Under section 506(b), as in other contexts, bankruptcy courts have broad discretion to determine what constitutes a "reasonable" fee. *In re Mills*, 77 B.R. 413, 419 (Bankr.S.D.N.Y.1987); 3 *Collier on Bankruptcy* ¶ 506.05 at 506–51 (15th ed. 1987). In exercising this discretion, courts have been wary of the potential for abuse of an oversecured secured creditor's right to attorneys' fees and costs. As one often-quoted passage puts it, "[a] rule of reason must be observed in order to avoid [fee-shifting] clauses from becoming a tool for wasteful diversion of an estate at the hands of secured creditors, who, knowing that the state must foot the bills, fail to exercise restraint in enforcement expenses." *See Mills*, 77 B.R. at 419–20, *quoting In re Salisbury*, 58 B.R. 635, 640 (Bankr.D.Conn.1985), *quoting In re Continental Vending Machine Corp.*, 543 F.2d 986, 994 (2d Cir.1976); *accord In re Delessio*, 74 B.R. 721, 723 (9th Cir.BAP 1987) (holding that an oversecured creditor should not be given a "blank check to incur fees and costs which will automatically be reimbursed out of its collateral"); *cf. In re Nicur–Cruz Realty Corp.*, 50 B.R. 162, 169 (Bankr.S.D.N.Y.1985) (holding that oversecured creditor's fees must be cost justified).

With the aim of avoiding waste of estate assets, courts have frequently disallowed or reduced fees sought by a secured credi-

---

**2.** The mortgage provides in the relevant part that "in case of any ... suit, or legal proceeding, wherein [FNMA] shall be made a party thereto by reason of this mortgage, its costs and expenses, and the reasonable fees and charges of the attorneys or solicitors of [FNMA] ... for services in such suit or proceedings, shall be a further lien and charged upon the said premises." (Mortgage p. 3). *In re Mills*, 77 B.R. 413, 417 (Bankr.S.D.N.Y.1987), held that a substantially similar fee clause satisfied section 506(b)'s requirement that the agreement provide for fees. *See also In re Nicur–Cruz Realty Corp.*, 50 B.R. 162, 166 (Bankr.S.D.N.Y.1985).

tors on finding that the legal work was unnecessary or excessive. *See, e.g., In re Kroh Brothers Development,* 105 B.R. 515, 529–30 (Bankr.W.D.Mo.1989); *In re Mid-State Fertilizer Corp.,* 83 B.R. 555, 557 (Bankr.S.D.Ill.1988); *In re Chudy,* 62 B.R. 105, 108 (Bankr.N.D.Miss.1986).

■ The present application presents a related, but slightly different situation: where a creditor pursues litigation in order to obtain a ruling that establishes new law. In such a situation, the legal fees may be reasonably expended from the creditor's point of view, but it may neverthess be unreasonable to pay these fees from funds of the estate. This situation was addressed in *In re Whitaker,* 85 B.R. 788, 795 (Bankr. E.D.Tenn.1988). There, the secured creditor candidly informed the court that it had filed its motion to modify the stay, in part, to determine whether the Tennessee bankruptcy courts would follow a recent decision from another circuit allowing debtors to retain collateral merely by resuming their contract payments, instead of reaffirming their debt under section 524(c) of the Code or redeeming the collateral under section 722 of the Code. The *Whitaker* court held that the debtor should not have to shoulder the entire burden of the fees because the motion raised issues which are "not those normally encompassed within an automatic stay motion." *Id.* at 795. *Whitaker* thus suggests that fees and expenses incurred in presenting novel legal issues should only be included in a secured claim to the extent that they would have been incurred in ordinary proceedings to protect the creditor's interests.

■ Under this test, it is clear that FNMA's fees and costs for its appeal should be denied. FNMA has acknowledged that its appeal was similar to a "situation where the party litigates a novel issue seeking to define the law." (FNMA's Brief in Support of its Fees at p. 4.) Obviously, such appeals are not an ordinary part of the motion practice regarding automatic stays. As an institutional lender who regularly files secured claims in bankruptcy based on Illinois mortgages, FNMA would plainly benefit in its future litigation by defining the relationship between the new foreclosure law and Code section 362, a benefit bearing little relation to its $12,-000 claim in the present case. However, from the point of view of a small estate, and a chapter 13 debtor not at all interested in defining bankruptcy law, it would be wasteful to engage in such "test case" litigation. Accordingly, the appellate fees sought by FNMA in this case are unreasonable pursuant to section 506(b) and must be disallowed.

## CONCLUSION

For the reasons stated above, this Court will enter an order denying the allowance of FNMA's appellate fees and costs as part of its secured claim.