Robert T. Copeland, Abingdon, Va., for debtor/plaintiff.

Stephen M. Hodges, Abingdon, Va., for defendant.

**In re Dianna Marshall IRESON, t/a Ireson Trucking, Debtor.**

**Dianna Marshall IRESON, t/a Ireson Trucking, Plaintiff,**

v.

**MACK FINANCIAL CORPORATION, Defendant.**

Bankruptcy No. 7–81–01572.
Adv. No. 7–85–0038.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

May 2, 1985.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue presented is whether or not late charge penalties collected by a secured creditor, Mack Financial Corporation, are properly included as a portion of the secured creditor's claim pursuant to 11 U.S.C. § 506(b).

On December 21, 1981, the Debtor, Dianna Marshall Ireson, t/a Ireson Trucking, filed a Chapter 11 reorganization case in this Court seeking rehabilitation of the company's financial affairs. Among the creditors scheduled was the Defendant, Mack Financial Corporation. This creditor had financed the purchase of a Mack dump truck from Eastern Kentucky Mack in October, 1980. The security agreement executed by the parties at the time of purchase

contained a provision that a default in payment when due and continuing for a period of seven (7) days would result in a delinquency charge of five per cent (5%) of the unpaid amount of the installment. As a result thereof, late charge delinquency payments accrued upon the account in the sum of $1,187.00. The parties stipulated that this sum was paid under protest by the Debtor to the Defendant as same was a penalty prohibited and uncollectible in these proceedings. This proceeding was filed to recover the penalties.

During the ongoing Chapter 11 case and pursuant to an adversary proceeding filed by the Defendant, an Order was entered on May 28, 1982 providing for the execution of an extension security agreement, which Order provided that the Debtor should make payments thereafter in accordance with the agreement attached to said Order. Contained in the agreement was an item in the amount of $688.25 representing delinquency and collection charges ("late charges").[1] This Order was tendered and entered as an "Agreed Order" by Counsel for the Debtor and the Defendant representing a resolution of the adversary proceeding. Thereafter, upon further hearing of the adversary proceeding and the failure to comply with the Order of May 28, 1982, this Court entered a further Order on August 18, 1982 modifying the payments and providing for automatic relief from the stay of 11 U.S.C. § 362, permitting liquidation if the payments were not made as directed.

The Defendant contends that 11 U.S.C. § 506(b)[2] of the Bankruptcy Reform Act of 1978 modifies prior law as to over-secured creditors' right to collect late charges as a part of their indebtedness, which heretofore was generally prohibited under the cases decided under prior law. Additional-

ly, the Defendant contends that the Agreed Order of May 28, 1982 approving the attached security agreement, mutually agreed to, included the late charge penalties in the sum of $688.25.

The Debtor's Counsel acknowledged in open court upon hearing of this matter that said sum of $688.25 may have been agreed to, although that sum, along with the remaining balance of $498.75 constituting the total of $1,187.00, was paid under protest when the loan was paid off in full. No issue was raised before the Court when the Agreed Order was tendered that the extension security agreement attached thereto contained prohibited late charges.

Since Counsel for the Debtor asserted in open court that the entire amount of $1,187.00 was paid under protest, the Court finds and concludes, as hereafter appears, that the entire amount of $1,187.00 is recoverable by the Debtor from this Defendant, with prevailing interest applicable to judgments in the federal courts from the date of payment.

The case law developed under the Bankruptcy Act of 1898 generally disallowed penalty portions of claims in this Court. The reason generally given was that penalties extracted as a portion of claims of creditors should not be recognized or allowed in Bankruptcy proceedings since this Court is a Court of equity and, as a matter of equity, are disallowed. See *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; *Mechanics-American National Bank v. Coleman*, 204 Fed. 24 (8th Cir.).

In the case of *In re Tastyeast, Inc.*, 126 F.2d 879, (3rd Cir.1942), *cert. den'd.* 316 U.S. 696, 62 S.Ct. 1291, 86 L.Ed. 1766, the court there dealt with an interest penalty

---

**1.** The tendered Agreed Order did not draw the Court's attention to the penalty charges contained in the attached.

**2.** 11 U.S.C. § 506(b): To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsec-

tion (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

provision of a loan agreement in a Chapter XI reorganization under the Bankruptcy Act of 1898. The court, denying the additional interest, stated as follows:

"The debtor's remaining argument is founded upon the contention that the claim for additional interest is a penalty. A Bankruptcy Court is essentially a court of equity and will, therefore, not enforce a penalty."

The court, following a discussion of usury, stated with reference to the increased interest which was found to be a penalty:

"... It seems to us that the mortgagee definitely intended to enforce a penalty upon the debtor. The inequality of their bargaining positions is evident, since the mortgagee was able to extract a pre-paid interest of approximately 21%. The debtor's overpowering economic need induced it to undertake the risk of the huge increase in interest ... As we view the transaction, both parties knew the increase was intended only to coerce the debtor into the prompt payment upon maturity. As such, it was the agreement for a penalty, and unenforceable in Bankruptcy."

In a case arising in this Circuit, *In re Hawks*, 471 F.2d 305 (4th Cir.1973), the court, citing *Tastyeast, Inc., supra*, also held that late charge penalties set forth in a loan agreement providing a substantial charge for payment delinquencies was, likewise, a penalty. The court stated:

"Such a charge is generally regarded as a penalty, certainly in the Bankruptcy Courts. As such, it is to be disallowed in Bankruptcy proceedings ... For the reasons already stated, however, the appellant is subject to the jurisdiction of the Bankruptcy Court in the enforcement of its indebtedness and it will not, in the Bankruptcy proceedings, be permitted to prove and collect the penalties provided in its loan agreement for late payments."

In addition to the reason for disallowing penalties as an equitable matter by a court of equity, there are other compelling reasons why such penalties are not extractable or payable in the posture of Bankruptcy cases. This financially strapped Debtor is in this Court seeking relief and rehabilitation of its financial affairs. Additionally, the other creditors of this Debtor are seeking, hopefully, payment of the principal of their claims filed herein. To permit a secured, or any other, creditor to collect a penalty as a portion of its claim because of the Debtor's failure to timely remit payments is, in effect, penalizing other creditors of this Debtor. *See In re GAC*, 681 F.2d 1295, 6 CBC 2d 1430 (11th Cir.1982).

The administration of cases in this Court commands that the interests of all creditors, as well as the Debtor, must be considered. To permit extraction of penalty payments in favor of one creditor, diverting funds from other creditors' claims, is inappropriate.

The Defendant asserts that 11 U.S.C. § 506 permits collection or payment of such penalties which formerly were not permitted. The historical and revision notes to § 506(b) state:

"Sub-section (b) codifies current law by entitling a creditor with an over-secured claim to any reasonable fees (including attorney's fees), costs, or charges provided under the agreement under which the claim arose. These fees, costs, and charges are secured claims to the extent that the value of the collateral exceeds the amount of the underlying claim."

Neither a reading of § 506(b) nor the historical and revision notes lends support to the Defendant's premise that penalties were payable under "current law" and are now allowed as a part of claims. The statute provides for payment of any reasonable fees, costs, or charges provided under the agreement. By inserting the word "reasonable", the Congress obviously intended that the court pass upon the payment of such asserted charges and allow only such fees, costs, or charges as are reasonable and, of course, equitable. The word "rea-

sonable" is defined as being not immoderate or excessive, being synonymous with rational; honest; equitable; fair; suitable; moderate; tolerable. *See Black's Law Dictionary,* Revised 4th Ed., p. 1431.

To read into § 506(b) a right to extract the payment of penalties by one creditor to the exclusion of other creditors would indeed distort the entire meaning of the subsection. and, in effect, would eliminate entirely the court's duty to allow only those fees and charges which are reasonable as found by the court.

For the reasons herein stated, the Court concludes that the entire amount of penalties in the sum of $1,187.00 was improperly charged and paid and, accordingly, judgment is rendered in favor of the Debtor against the Defendant for said sum plus interest prevailing upon federal judgments from the date of payment, and the costs of this proceeding, which shall be taxed by the Clerk of this Court upon proper notice. So ORDERED.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor/Plaintiff; Debtor's Attorney; and to Counsel for Defendant.