MACK FINANCIAL CORPORATION, Appellant,

v.

Dianna Marshall IRESON, Appellee.

Civ. A. No. 85–0114–B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

Sept. 20, 1985.

Stephen M. Hodges, Abingdon, Va., for appellant.

Robert T. Copeland, Abingdon, Va., for appellee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is an appeal from the United States Bankruptcy Court for the Western District of Virginia. 28 U.S.C. § 1334 confers jurisdiction. In the bankruptcy proceedings, the bankruptcy court, 48 B.R. 711, held that late charges are penalties and are not allowable under the Bankruptcy Code, 11 U.S.C. § 506(b).

In October, 1980, Dianna Marshall Ireson (Ireson) bought a dump truck from Eastern Kentucky Mack. Ireson financed part of the sale price and signed a security agreement which was assigned to Mack Financial Corporation (Mack). Payment was to be in monthly installments. The agreement provided:

> If debtor shall default in the payment of any installment when due and such default shall continue for a period of seven days or more, debtor shall pay to the holder a delinquency charge equal to 5% of the unpaid amount of such installment.

Ireson defaulted on her obligation under the security agreement and in December, 1981, filed a petition under Chapter 11 of the United States Bankruptcy Code. 11 U.S.C. § 101 et seq. Mack instituted proceedings to lift the stay against lien enforcement. 11 U.S.C. § 362. This resulted in Ireson's being ordered to make periodic payments to Mack the purpose of which was to provide Mack with adequate protection of its security interest.

Ireson later obtained financing from another source and went to Mack's offices to pay her obligation in full. Mack charged $1,187 for delinquency fees in accordance with the security agreement. Ireson, under protest, paid the late charge. She then brought a suit in bankruptcy court to recover the amount of the late fees which she had paid Mack.

I.

Under the Bankruptcy Act of 1898, late charges were regarded as penalties. Penalties were not enforceable in bankruptcy and since bankruptcy courts are essentially courts of equity, they will not enforce a penalty. In Re Tastyeast, Inc., 126 F.2d 879, 881 (3rd Cir.1942), is the leading case on this issue. In Tastyeast, a creditor attempted to charge a debtor additional interest on a loan renewal. The Third Circuit held that the additional interest was a penalty and was disallowed. The Fourth Circuit, through dictum, accepted this view in In Re Hawks, 471 F.2d 305 (4th Cir.1973). In 1979, the Bankruptcy Act of 1898 was replaced by the Bankruptcy Code. 11 U.S.C. § 101 et seq. In § 506(b), the Bankruptcy Code provides the following:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

The issue of late charges under 11 U.S.C. § 506(b) has not been decided by the Fourth Circuit Court of Appeals nor by the United States District Court for the Western District of Virginia. There seem to be only two cases on this subject: In the Matter of LHD Realty Corp., 726 F.2d 327 (7th Cir.1984) and In Re Bagley, 6 B.R. 387 (Bankr.N.D.Ga.1908). In LHD, a mortgagee held a note which entitled him to collect late charges from a mortgagor. The Seventh Circuit held that the Bankruptcy Code, 11 U.S.C. § 506(b) allows for the recovery of late charges by the holder of an allowed secured claim the value of which is greater than the amount of the claim. In Bagley, the bankruptcy court allowed a bank to enforce the penalty charges against a debtor. The court allowed this without commenting on U.S.C. § 506(b).

In looking at the available case law on this subject, especially the holding of the Seventh Circuit, this court is of the opinion that late charges are allowed if a creditor can meet certain criteria. First the creditor must be oversecured. His security must be higher in value than the amount of the debt. The other criterion is that the late charges must be reasonable.

In the case at bar, Mack's security interest was in the dump truck. When Ireson filed bankruptcy, she listed the value of the truck as $35,000,[1] with a balance due of $27,016,[2] making a difference of $7,984. Mack clearly meets the first standard as an oversecured creditor.

The second test requires a determination of reasonableness. The Code of Virginia § 6.1–330.26 provides the following:

—Any lender or seller may impose a late charge for failure to make timely payment of any installment due on a debt, whether installment or single maturity, provided that such late charge does not exceed five percentum of the amount of such installment payment and that the charge is specified in the contract between the lender or seller and the debtor....

The Commonwealth of Virginia has determined that five percent of the installment payment is reasonable as a late charge and this court accepts this reasoning. The security agreement, providing for a delinquency charge of five percent of the unpaid installment, is in conformity with the statute. Therefore, the amount of $1,187 is a reasonable charge.

Mack has met both tests. Mack is an oversecured creditor and has charged a reasonable charge pursuant to a written agreement. Thus, Mack is entitled to retain the $1,187 which Ireson paid as a later charge. Therefore, the holding of the bankruptcy court is reversed and an appropriate order will be entered.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion to counsel of record.

---

1. This was listed in Ireson's Schedule B report to the bankruptcy court. Schedule B is a statement of all the property of a debtor.

2. This was listed in Ireson's Schedule A report to the bankruptcy court. Schedule A is a statement of all the liabilities of a debtor.