PER CURIAM:
 

 Upon confirmation of her plan of reorganization, plaintiff undertook to refinance the purchase of a coal truck with respect to which defendant was the lender. The lender insisted upon the payment of a late charge in the defaulted obligation. Plaintiff paid the late charge and then sued to recover it.
 

 The bankruptcy court, 48 B.R. 711, ruling that late charges were penalties and not collectible, gave judgment for plaintiff. The district court, 53 B.R. 118, however, to which defendant appealed, ruled to the contrary. Plaintiff appeals, and we affirm.
 

 I.
 

 The truck that plaintiff sought to refinance was worth approximately $7,000 more than the unpaid balance of her debt. Under the security agreement supporting the original loan, plaintiff agreed that in the event of a default in the payment of any monthly installment payable thereunder, and continuation of the default for seven days or more, plaintiff “shall pay to the holder a delinquency charge equal to 5% of the unpaid amount of such installment.” The balance due on the loan was $27,016, and defendant asserted a late charge of $1,187.
 

 
 *1084
 
 In reversing the bankruptcy court, the district court correctly looked to the provisions of 11 U.S.C. § 506(b) which states:
 

 To the extent that an allowed secured creditor is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.
 

 The district court, while recognizing that under the Bankruptcy Act of 1898 late charges were regarded as penalties and hence not enforceable in bankruptcy since bankruptcy courts are essentially courts of equity,
 
 [1]
 
 held that § 506(b) effected a change in the law and that late charges were collectible if (1) the secured creditor was oversecured, and (2) the charge is reasonable. The district court found that both conditions had been satisfied. With respect to the second, it looked to the law of Virginia where the transaction occurred and, noting that Virginia authorizes late charges not exceeding five percentum of the amount of any installment or single maturity,
 
 see
 
 Code of Va. § 6.1-330.26, held that the amount was reasonable.
 

 II.
 

 We are in agreement with the ruling of the district court. We, too, think that § 506(b) of the current Bankruptcy Code permits recovery of late charges where the conditions specified by the district court are met and where, as here, the debtor has specifically agreed to the payment of a delinquency charge. Like the case of
 
 United States v. Best Repair Company, Inc.,
 
 789 F.2d 1080 (4 Cir.1986), decided this day, we think that § 506(b) made a change in substantive law existing prior to its enactment. We recognize that in the case at bar, there is legislative history that § 506(b) “codifies current law by entitling a creditor with an oversecured claim to any reasonable fees, costs, or charges,” provided in the security agreement. S.Rep. No. 95-989, 95th Cong., 2d. Sess. 68,
 
 reprinted in
 
 1978 U.S.Code Code Cong. & Ad.News at 5787, 5854. But we do not think this general language controls the present case. Congress’ apparent understanding of the pre-Code law was that creditors were entitled to reasonable charges. Nothing in this brief statement suggests that Congress was aware of, and meant to adopt, all the various exemptions to the general rule, such as a prohibition of charges for late payment. Instead, we think the unambiguous language Congress chose must prevail over this cursory legislative statement.
 
 Cf. Unsecured Creditors’ Committee v. Walter E. Heller & Company,
 
 768 F.2d 580 (4 Cir.1985).
 

 The precise issue before us has not yet been widely litigated, but we note that our conclusion is in accord with the only two reported decisions on the question.
 
 See In the Matter of LHD Realty Corp.,
 
 726 F.2d 327 (7 Cir.1984);
 
 In re Bagley,
 
 6 B.R. 387 (Bankr.N.D.Ga.1980).
 

 Finally, we agree with the district court that all of the conditions of § 506(b) were met so that defendant was entitled to retain the amount it had collected.
 

 AFFIRMED.
 

 [1]
 

 .
 
 See In re Tastyeast, Inc.,
 
 126 F.2d 879, 881 (3 Cir.1942);
 
 In re Hawks,
 
 471 F.2d 305 (4 Cir.1973) (dictum).