## In re Glenn A. RICHARDSON, Glenna G. Richardson t/a Glenn A. Richardson Trucking Co., Debtors.

### Bankruptcy No. 7–84–00704–A.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Aug. 4, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

Street, Street, Street, Scott & Bowman, Grundy, Va., for Standard Sav. & Loan Assoc.

Jo S. Widener, Bristol, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Judge.

The issue before the Court is whether Standard Savings and Loan Association an oversecured creditor, is entitled to late charges accrued on the Debtors' account pursuant to 11 U.S.C. § 506(b).

Briefly stated, the facts are follows. The Debtors, Glenn and Glenna Richardson, filed their Chapter 13 petition with the Court on July 19, 1984. Standard Savings and Loan Association ("Standard") holds a note secured by a Deed of Trust on the Debtors' house and real estate located in Buchanan County, Virginia. Standard has filed an amended Proof of Claim in the amount of $41,212.56, representing $35,-851.84 in principal and $5,360.72 in additional charges. The additional charges represent $4,649.00 in arrearages, $271.90 for escrow fees advanced by Standard on the Debtors' behalf, and $439.82 in late charges.

The Debtors' Plan, as modified, provides for the Debtors to make the regular monthly payment of $459.00 directly to Standard, plus payment of $50.00 a month on arrearages. By Order entered February 6, 1986, the Debtors were directed to continue regular monthly payments to Standard and to cure the outstanding arrearages and escrow fees within twenty-four months. The Order further directed that a portion of an anticipated Workmen's Compensation recovery be applied in satisfaction of the arrearages and escrow fees. The allowance of claimed late charges was continued pending decision by the United States Court of Appeals for the Fourth Circuit in an unrelated case on whether such late charges were collectible under § 506(b). Following further hearing on July 21, 1986, the matter was taken under advisement for determination.

Section 506(b) provides:

"(b) To the extent that an allowed claim is secured by property the value of which after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

In the recent case of *Mack Financial Corporation v. Ireson*, 789 F.2d 1083 (4th Cir.1986), the Fourth Circuit held that § 506(b) permits recovery by a secured creditor of late charges if (1) the secured creditor is oversecured, and (2) the charge is reasonable, and where the debtor has specifically agreed to the payment of a delinquency charge. *Id.* at 1084. The Court affirmed the holding of the District Court [*Mack Financial Corp. v. Ireson*, 53 B.R. 118 (W.D.Va.1985)] which, in determining the reasonableness of the late charge, looked to *Virginia Code* § 6.1–330.26 [1], which allows late charges not exceeding five per centum of the amount of any installment or single maturity.

There is no dispute in the instant case that Standard is oversecured. The Debtors' Chapter 13 Statement and Summary of Debts and Property list the real property at a value of $51,000.00. The Debtors agreed to payment of late charges in the adjustable rate loan note executed on March 1, 1982. The note provides that the note-holder (Standard) is entitled to a late charge if the full amount of any monthly payment is not received within fifteen days after the date it is due. The only question is whether the late charge is reasonable. The note fixes the late charge rate as four per cent of the overdue payment of principal and interest. This rate is within that allowed by *Virginia Code* § 6.1–330.26 and found reasonable by the District Court in *Ireson.* There is no evidence to suggest that the amount claimed by Standard is not based on the note's percentage rate, and we find the amount to be reasonable.

Accordingly, having satisfied all conditions of the Fourth Circuit's standard in *Ireson*, it is

### ADJUDGED and ORDERED

that Standard is entitled to late charges in the amount claimed.

1. *Virginia Code* § 6.1–330–26 provides in part:
"Any lender or seller may impose a late charge for failure to make timely payment of any installment due on a debt, whether installment or single maturity, provided that such late charge does not exceed five per centum of the amount of such installment payment and that the charge is specified in the contract between the lender or seller and the debtor."