In re Frank Fredrick
LEJEUNE, Debtor.

FLEET FINANCE, INC. OF
GA., Movant,

v.

Frank Fredrick LEJEUNE, Robert L.
Coley, Trustee, Respondents.

In re Willie R. COCHRAN, Debtor.

FLEET FINANCE, INC. OF
GA., Movant,

v.

Willie R. COCHRAN, Robert L. Coley,
Trustee, Respondents.

Bankruptcy Nos. A86–01270–WHD,
A86–05602–WHD.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 29, 1987.

Bradley M. Hoyt, John E. Tomlinson, P.C., Lilburn, Ga., for Fleet Finance, Inc. of Ga.

G. Alfred Brunavs, Martin & Brunavs, Atlanta, Ga., Michael Haugerud, Decatur, Ga., for debtor/respondent.

## ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

The above-referenced cases came before the Court on motions for relief from stay filed by Fleet Finance, Inc. of Ga. ("Fleet Finance"). Following hearing the matters on its January 27, 1987 calendar, the Court entered Orders on February 18, 1987, that the stay would remain in effect in both cases. These Orders also directed the debtors to pay their past due mortgage payments to bring their accounts with Fleet Finance current, but the issue of the liability of the debtors for payment of contractual late charges was reserved to give the parties an opportunity to submit briefs on the issue.

The facts in both cases are similar and are not in dispute. Fleet Finance holds notes executed by both debtors and second priority deeds to secure debt on both debtors' principal residences. Each note provides that if the creditor does not receive the full amount of any monthly payment by the end of five (5) calendar days after the date it is due, the debtors shall pay a late charge in the amount of 10% of the overdue payment.

In the Chapter 13 cases of both debtors, Fleet Finance filed proofs of claim for arrearages which included past due late charges. No objections to these proofs of claim were filed.

The Chapter 13 plans of both debtors provided that regular mortgage payments would be made directly to Fleet Finance, but both debtors became delinquent in their respective post-petition payments. Fleet Finance later refused tender by each debtor of payments which did not bring their accounts current, because, in some instances, the tendered payments did not include the contractual late charge. The record in both cases reflects that Fleet Finance is an oversecured creditor.

Fleet Finance argues that it is entitled to recover its post-petition contractual late charges under 11 U.S.C. § 506(b), which provides:

To the extent that an allowed secured claim is secured by property the value of

which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest, on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

It is clear that § 506(b) authorizes an award of post-petition interest and costs of collection, including reasonable attorneys' fees, to oversecured creditors. *See, e.g., In re Anderson,* 28 B.R. 231, 233 (Bankr.N.D. Ga.1983). Fleet Finance asserts that there should be no distinction between the recovery of such charges and the contractual late charges it seeks to collect.

Two United States Courts of Appeal have held that § 506(b) may permit an oversecured creditor to recover late charges pursuant to its agreement. The Fourth Circuit in *Mack Financial Corp. v. Ireson,* 789 F.2d 1083 (4th Cir.1986) affirmed the district court's reversal of a bankruptcy court decision which had denied an award of late charges as a penalty which a court of equity should not enforce. The *Ireson* opinion requires that the creditor be oversecured and that the late charges be reasonable. In support of its decision, the Circuit Court in *Ireson* cited the Seventh Circuit's decision in *Matter of LHD Realty Corp.,* 726 F.2d 327 (7th Cir.1984), which allowed late charges to an oversecured creditor after a Chapter 11 debtor-in-possession became delinquent on payments to the creditor.

This Court has also previously allowed a bank to enforce a late charge provision, but it appears that the bank in that case was only seeking late charges as of the date of the filing of the petition. *In re Bagley,* 6 B.R. 387, 388 n. 1 (Bank.N.D.Ga.1980). However, on the basis of the Circuit Court opinions cited earlier, there appears to be no reason to distinguish between allowance of pre-petition and post-petition late charges to an oversecured creditor, as long as the charges are reasonable, which appears to be the case here.

Accordingly, it is ORDERED that the above-referenced debtors shall pay their past due late charges to Fleet Finance within twenty (20) days.