**In re Anthony WARD, Debtor.**

**Bankruptcy No. A86–03712–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 5, 1987.

**120**

Ann V. Broussard, Brooks S. Franklin, P.C., Atlanta, Ga., for debtor.

Jeffrey W. Kelley, William A. Capp, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Chevy Chase Sav. Bank, F.S.B.

### ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This case came before the Court at a hearing on February 11, 1987 on the above-referenced debtor's objection to the proof of claim of Chevy Chase Savings Bank, F.S.B. ("Chevy Chase"). The Court took the issues raised at the hearing under advisement to give the parties an opportunity to submit briefs. The relevant facts are as follows.

The debtor filed his Chapter 13 petition on May 20, 1986. Chevy Chase, as holder of the first security deed on the debtor's principal residence, had commenced advertising the property in May of 1986 for a nonjudicial foreclosure sale to take place in June and had sent the debtor a demand letter dated May 2, 1986.

On September 15, 1986, Chevy Chase filed a proof of claim in the debtor's Chapter 13 case in the amount of $88,487.22, which included the principal mortgage debt of $79,309.07 and $6,994.62 interest as of that date. On the same date, Chevy Chase filed a proof of claim for arrearages which included claims for arrearages as of the petition date, accrued interest on arrearages, accrued late charges, and attorneys' fees and costs. On November 17, 1986, Chevy Chase filed an amendment to the proof of claim for arrearages which gave a specific, rather than estimated, amount for attorneys' fees and which reflected an increased amount for accrued interest on arrearages and for accrued late charges.

The debtor filed his objection to the proof of claim for arrearages on December 9, 1986. At the hearing on the matter, the debtor objected to Chevy Chase's claim for accrual of interest on arrearages, accrual of late charges, and attorneys' fees. The Court will address these objections in that order.

First, it is settled in the Eleventh Circuit that a secured creditor who holds a security interest in a Chapter 13 debtor's principal residence is not entitled to receive interest on arrearages, unless the mortgage contract so provides, when the debtor seeks to cure default and reinstate the mortgage. *In re Terry*, 780 F.2d 894 (11th Cir.1985). The *Terry* case affirmed this Court's decisions in *In re Carr*, 32 B.R. 343 (Bankr.N.D.Ga.1983) and 36 B.R. 381 (Bankr.N.D.Ga.1984). Chevy Chase now asks the Court to reconsider its decisions in *Carr* in light of the contrary decision reached by the Sixth Circuit in *In re Colegrove*, 771 F.2d 119 (6th Cir.1985).

The short response to the request by Chevy Chase is that *In re Terry* is controlling precedent in this Circuit. Furthermore, the opinion in *Terry*, as modified on denial of rehearing on January 30, 1986, reached its conclusion despite acknowledging that a contrary decision had been reached in *Colegrove*. *Terry*, 780 F.2d at 897. Finally, even if this Court was not constrained to follow *Terry*, the Court

would reaffirm the holding of *Carr* because the Court agrees with Collier that the reasoning of the majority in *Colegrove* "does not withstand analysis." 5 *Collier on Bankruptcy* ¶ 1322.09 at 1322–22 (15th ed. 1986). Therefore, Chevy Chase's claim for interest on arrearages must be disallowed.[1]

■ The second issue to be addressed in this case is the creditor's claim for accrued late charges. Chevy Chase apparently bases this claim on the following language from its deed to secure debt: "At Grantee's option, Grantor will pay a 'late charge' not exceeding four percentum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments...."

It is clear that Chevy Chase is entitled to assert a late charge as to each payment in arrears and may continue to do so on any of the debtor's future regular installment payments which become delinquent. *See In re Carr*, 36 B.R. 381, 382 (Bankr.N.D. Ga.1984) (allowing accrued late charges as part of the claim for arrearages). This right of Chevy Chase to collect late charges in the situation in this case is not directly related to the right of an oversecured creditor to do so under § 506(b). *See Mack Financial Corp. v. Ireson*, 789 F.2d 1083 (4th Cir.1986); *In re Frank Fredrick LeJeune*, 73 B.R. 98 (Bankr.N.D.Ga.1987). Instead, the right to collect late charges in this case arises from § 1322(b)(2), which prohibits a Chapter 13 plan from modifying the rights of a holder of a claim secured only by a security interest in the debtor's principal residence. As stated by U.S. Bankruptcy Judge Kelley:

> Obviously, § 506(b) does not affect the right to receive the regular payments [under the mortgage]. The court believes it does not affect the right to recover the other charges, costs, interest after maturity on defaulted payments,

and attorney's fees provided for by the contract. If the main purpose of § 1322(b)(2) is to preserve payment rights, then it should also preserve these. Section 506 does not determine the right to payment, but only whether the claim is secured or unsecured. Chapter 13 may require full payment of some unsecured claims.

*In re Simpkins*, 16 B.R. 956, 965 (Bankr.E. D.Tenn.1982). Of course, the policy behind § 1322(b)(2) must be balanced against the purpose of § 1322(b)(5), which allows Chapter 13 debtors to cure defaults and make regular payments on their home mortgages. As this Court stated in *Carr*: "The policy to permit a debtor to cure and reinstate a mortgage debt necessarily conflicts with the protection of the mortgagee's contractual rights...." *In re Carr*, 36 B.R. at 386.

With these concepts in mind, the Court must address Chevy Chase's contention that monthly late charges should continue to accrue into the future until the debtor's entire arrearage is brought current. In the first place, the parties' contract appears to contemplate only that, when a late installment is paid, it will be accompanied by a late charge. However, even if the contract did provide, as Chevy Chase argues, for the accrual of late charges until all arrearages are paid, this would be inconsistent with § 1322(b)(5), which allows cure and reinstatement notwithstanding the prohibition in § 1322(b)(2) against modifying the creditor's rights. This is so because "curing a default" means taking care of the event triggering the default and returning to the pre-default conditions, thus nullifying the consequences of default. *See In re Carr*, 36 B.R. at 382 (quoting *In re Taddeo*, 685 F.2d 24 (2nd Cir.1982)). Therefore, the debtor is liable for late charges as to installments already in arrears, but his arrearages, which he will cure in his Chapter 13 case, do not make him liable for late charges into the future because reinstatement returns the parties to the pre-default

---

**1.** From its brief, it appears that Chevy Chase reads the *Terry* and *Carr* decisions as disallowing only the portion of interest on arrearages which accrued post-petition. That is not the

case. Interest on arrearages, whether accruing pre-petition or post-petition, is not allowed to a mortgagee in Chevy Chase's position unless the mortgage contract so provides.

conditions. Thus, past arrearages subject to cure cannot be utilized to characterize the future installments as delinquent. The debtor is liable for future late charges only when his future installment payments are in fact delinquent under the reinstated mortgage.[2]

 The debtor's final objection goes to the amount of attorneys' fees claimed by Chevy Chase. While the debtor bases his argument on § 506(b), the passage quoted above from *Simpkins* is equally applicable to this issue. Thus, the creditor may be entitled to attorneys' fees under § 1322(b)(2) to the extent that the debtor is liable to pay them under the contract in question. The debtor's note and security deed to Chevy Chase provide that the debtor shall pay the costs of collection, including attorneys' fees. However, both documents limit the liability of the debtor to *reasonable* attorneys' fees (or to attorneys' fees reasonably incurred). Chevy Chase is therefore entitled to claim attorneys' fees to the extent they are reasonable.

The billing statements and the affidavit submitted by the creditor's attorneys show that the work performed by the attorneys includes: (1) preparing for pre-petition foreclosure, including the fees for advertising and sending a demand letter; (2) drafting the proofs of claim in this Chapter 13 case; (3) drafting a motion for relief from stay; (4) drafting an objection to confirmation; (5) performing various research tasks; and (6) making telephone calls and drafting correspondences.

Certain items shown in the billing statements must be reduced. For example, the first entry for drafting the proofs of claim (which also includes "numerous" phone calls, reviewing the file, and drafting correspondence) shows time spent at 3.6 hours at the rate of $105.00 per hour. Another bill shows 4.8 hours billed at the same rate for research concerning the extent of al-

lowance of attorneys' fees in Chapter 13. The same bill has an entry for 4.6 hours billed at the same rate for preparing for and attending the confirmation hearing and drafting the proposed order. Finally, the affidavit submitted asserts that $1,200.00 is a reasonable fee for pre-petition foreclosure services.

Although the creditor's amended proof of claim seeks $3,196.86 in attorneys' fees, the Court finds that a reasonable fee for the services performed by Chevy Chase's attorneys for services reasonably contemplated to protect the creditor's interest and within the scope of the agreement between Chevy Chase and the debtor is $2,000.00.

Accordingly, it is ORDERED that the debtor's objection to Chevy Chase's proof of claim for arrearages is SUSTAINED to the extent that Chevy Chase claims: (1) interest on arrearages; (2) future late charges accruing without a future delinquent payment; and (3) attorneys' fees in excess of $2,000.00.

---

**2.** There appears to be some conflict as to the amount of pre-petition late charges (which should total $223.29) and as to whether the debtor has now paid all post-petition late charges in bringing his post-petition account current. The above reasoning of the Court should enable to parties to clear up any confu-

sion as to the amount that Chevy Chase is entitled to collect.