883 F.2d 68
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re In the Matter of BOND STREET ASSOCIATES LIMITED
PARTNERSHIP, Debtor.
Frank T. GRAY, Henry A. Smith, III, Trustee, Plaintiffs-Appellees,
and
Bond Street Associates Limited Partnership, Plaintiff,
v.
MARYLAND DEPOSIT INSURANCE FUND CORPORATION, Defendant-Appellant.
 No. 88-2182.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 21, 1989.
Decided Aug. 11, 1989.
 
 Lowell R. Bowen, Nathaniel E. Jones, Jr., Brooke Schumm, III, Miles & Stockbridge on brief for appellant.
 Christopher R. West, Weinberg & Green on brief for appellees.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and JOSEPH H. YOUNG, Senior District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The question for decision is whether the assignors of a mortgage are entitled to recover a commission, under the terms of the mortgage instrument, from the assignees of the mortgage upon payment of the mortgage debt. The district court found that the assignors were so entitled, and we affirm.[1]
 
 I.
 
 2
 Although this case has a rather serpentine procedural history, the essential facts for the purposes of this appeal are not too complex. Plaintiffs Frank T. Gray and Henry A. Smith, III, Trustees (Trustees) held a mortgage on property owned by Bond Street Associates Limited Partnership (Bond Street). In the section discussing the rights of the parties on default, the mortgage provided that
 
 
 3
 "in the event the mortgage debt shall be paid after any advertisement of said property, but before sale thereof, the Mortgagor hereby covenants to pay ... a commission on the total amount of the mortgage indebtedness, principal and interest, equal to one-half of the percentage allowed as commission to trustees making sale under orders or decrees of a Court having equity jurisdiction in the State of Maryland...."
 
 
 4
 In October, 1985, the Trustees instituted a foreclosure proceeding in the Circuit Court for Baltimore City, and the property was advertised for sale. On November 8, 1985, five days before the foreclosure sale was to take place, Bond Street filed a bankruptcy proceeding, and the sale was stayed. The Trustees made two attempts to lift the stay, but were unsuccessful.
 
 
 5
 On December 31, 1986, the Trustees executed a purchase and sale agreement assigning the mortgage to defendant, The Maryland Deposit Insurance Fund Corporation (MDIF). In section 4 of the agreement, the Trustees expressly reserved any right they had under the mortgage to recover a commission up to $33,923.92, the amount of expenses they had incurred subsequent to Bond Street's bankruptcy filing.[2]
 
 
 6
 Three months later, in March, 1987, Bond Street proposed to sell the property and distribute all of the proceeds to MDIF. The Trustees objected on the ground that they had reserved a right to part of the proceeds in the purchase and sale agreement with MDIF. The bankruptcy court allowed Bond Street's sale to go forward on the stipulation that the disputed portion of the proceeds be placed in escrow. After a hearing on the matter, it rejected the Trustees' claim, and they appealed to the district court.[3] The district court reversed, and this appeal followed.
 
 II.
 
 7
 Section 506(b) of the Bankruptcy Code provides that an oversecured creditor--one whose claim "is for an amount less than the value of the property securing it," United States v. Ron Pair Enterprises, --- U.S. ----, ---- (1989)--is allowed "any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C.A. Sec. 506(b) (Supp.1989). There is no dispute in this appeal that the Trustees are oversecured creditors. Consequently, they are entitled to their claimed commission if (1) the mortgage instrument actually provides for the commission's recovery and (2) the commission is reasonable. See 3 Collier on Bankruptcy p 506.05, at 506-39 & n. 3 (1989) (citing cases); cf. Mack Fin. Corp. v. Ireson, 789 F.2d 1083 (4 Cir.1986) (per curiam) (allowing recovery of reasonable late charges under Sec. 506(b)). We find that both conditions are satisfied in this case.
 
 
 8
 First, the mortgage obviously provides for the payment of a commission in these circumstances. It clearly states that if the mortgage debt is paid after the property is advertised, but before a "sale" actually occurs, the Trustees are entitled to a commission equal to one-half the usual commission that would be awarded by a court of appropriate jurisdiction. As the district court reasoned, the context of this statement makes clear that "sale" refers to a foreclosure sale: the statement is contained in a paragraph discussing the rights of the parties in the event of default. Here, the property was advertised for sale, but because Bond Street filed for bankruptcy, the foreclosure sale never took place. Because the mortgage debt was paid after the property had been advertised but before any foreclosure sale, the Trustees are entitled to a commission under the mortgage instrument.
 
 
 9
 Second, we agree with the district court that the commission claimed by the Trustees is reasonable. Half-commissions like the one provided for in this case are "not uncommon" in Maryland mortgages. Lakrest Dev. Co. v. Eisele, 258 Md. 45, ----, 265 A.2d 187, 189 (1970). Their "obvious[ ]" purpose, as the Court of Appeals of Maryland has explained, is not to punish the mortgagor, but "to compensate trustees ... for the time and effort expended in instances where the debt is satisfied before foreclosure and the property is withdrawn from the sale." Id at ----, 265 A.2d at 189. Moreover, the commission in this case is expressly made to depend on the amount that would be awarded under the rules of the Circuit Court for Baltimore City, so it cannot be argued that its value is merely speculative.
 
 
 10
 For the reasons stated, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The parties agreed to submit this case on the briefs and forgo oral argument
 
 
 [2]
 At one point in this litigation, MDIF contended that the Trustees had not preserved their right to recover the commission in section 4. In a subsequent letter to the district judge, however, counsel for MDIF expressly withdrew this argument
 
 
 [3]
 The district court had already heard the matter once before, at which time it had remanded to the bankruptcy court "in order to give the parties a full and fair opportunity to address the legal and factual merits of the [T]rustees' commission claims."