# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

**Filed 4/26/96**

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATION UNION
LOCAL NO. 576, affiliated with the
United Food and Commercial Workers
Union International,

Plaintiff-Appellee,

v.

FOUR B CORPORATION,

Defendant-Appellant.

Nos. 95-3257, 95-3274
(D.C. Nos. 94-CV-2277
and 94-CV-2447)
(Dist. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **MURPHY**, Circuit Judges.

United Food & Commercial Workers Int'l Union Local No. 576 (Union) brought

two suits against Four B Corp. seeking orders to compel arbitration of labor disputes

pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

185.[1]  In both suits the Union alleged that a specified retail grocery facility was covered by a collective bargaining agreement.  Four B contended that (1) the Union had been notified that the type of facility at issue in the first suit was not covered and the Union did not negotiate to include it; (2)  the statute of limitations had expired in both suits; and (3) termination of the agreement was the Union's sole remedy for Four B's alleged violations of the agreement in both suits.  Both parties moved for summary judgement; the district court granted the Union's motion and denied Four B's motion.  See United Food & Commercial Workers Union Local No. 576 v. Four B Corp., 893 F. Supp. 976 (D. Kan. 1995); United Food & Commercial Workers Int'l Union Local 576 v. Four B Corp., 893 F. Supp. 980 (D. Kan. 1995).

We review a district court's grant of summary judgment de novo.  Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).   The Supreme Court has established four principles to decide arbitration cases: (1)  "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit;" (2) "the question of arbitrability--whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance--is undeniably an issue for judicial determination . . . [u]nless the parties clearly and unmistakably provide otherwise;" (3) "[w]hether 'arguable' or not, indeed even if it

_____

[1]  Because both suits involve the same collective bargaining agreement and the same parties, we consolidated the suits for oral argument and address the merits of both suits in this order and judgment.

appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator;" and (4) "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 648-50 (1986)(citations omitted).

We agree with the district court that we "cannot say with positive assurance that the arbitration clause may not be interpreted to cover the asserted dispute, and Four B should be compelled to arbitrate the Union's grievance." Four B Corp., 893 F. Supp. at 986. We further agree with the district court that Four B's alternative arguments are without merit.

The Union has moved for sanctions against Four B pursuant to Fed. R. App. P. 38, alleging Four B's appeal was frivolous and served only to delay arbitration and deplete the Union's funds. Under Fed. R. App. P. 38 we may "award just damages, including attorney's fees, and single or double costs if the court determines that an appeal is frivolous or brought for the purposes of delay." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987)(en banc). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" Id. (quoting Taylor v. Sentry

Life Ins. Co., 729 F.2d 652, 656 (9TH cIR. 1984)).

We agree with the Union that sanctions are appropriate here. As the district court pointed out in ruling against Four B, the presumption in favor of arbitrability set out in the Steelworkers Trilogy[2] and reaffirmed in AT&T is particularly applicable when, as here, the arbitration clause is broad. On appeal, Four B has acknowledged those cases and the principles they set out with only a conclusory reference in one reply brief. Moreover, Four B has made only a cursory attempt to explain why they do not control this appeal. As we discuss briefly below, Four B's arguments raise issues that are patently subject to arbitration.

Four B argued the Union's grievances were waived. However, "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). Thus the issue of waiver must go to arbitration. Four B argued that termination of the agreement was the sole remedy available to the Union. As the district court held, however, "this argument . . . goes directly to the interpretation and/or application of the terms or provisions of the Agreement." United Food & Commercial Workers, 893 F. Supp. at 980. Thus, this issue too must go to arbitration. Four B also

---

[2] See Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

argued the facilities were not covered by the collective bargaining agreement, but pointed to no evidence which could be viewed as providing a positive assurance that the arbitration clause did not apply. See AT&T, 475 U.S. at 650. Finally, we reject out of hand Four B's argument that the statute of limitations had expired. As the district court held, it is clear that the Union timely appealed Four B's refusal to arbitrate the grievances at issue in these cases.[3]

The result of Four B's appeal is obvious and its arguments are wholly without merit. We point out that "'Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal.'" Braley, 832 F.2d at 1511 (quoting WSM, Inc. V. Tennessee Sales Corp., 789 F.2d 1084, 1085 (6th Cir. 1983)). Accordingly, we AFFIRM substantially for the reasons given in the district court's orders and GRANT the Union's motion for attorney's fees and costs in both appeals.[4]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3] Four B refused to arbitrate the grievances on July 7, 1994, and October 11, 1994, respectively. The Union filed complaints on July 11 and November 8, repsectively. The complaints were clearly filed within the six month statute of limitations. Prior grievances unrelated to the specific facilities in this case are wholly irrelevant.

[4] The Union shall submit to the clerk of this court, within 15 days, proper documentation of its expenses in defending these appeals.